IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
July 14, 2025 11:18 AM
SX-2022-CR-00052
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. SX-2022-CR-00052 |
| v. | ) | |
| | ) | |
| JAHMANIE MORTON, | ) | **2025 VI Super 20 P** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

¶ 1    **PENDING BEFORE THE COURT** is a Motion to Dismiss Without Prejudice for Speedy Trial Violation filed by Defendant Jahmanie Morton (hereinafter "Defendant") on February 26, 2025. Defendant argues that his Sixth Amendment right to a speedy trial has been violated because in over two years and eight months since his arrest, he has not received a trial date. Upon considering the *Barker* factors, the Court will deny the Defendant's Motion.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2    Defendant was arrested on March 6, 2022, and charged with (Count One) Unauthorized Possession of a Firearm, in violation of 14 V.I.C. § 2253(a); (Count Two) Unauthorized Possession of a Firearm in a Vehicle, in violation of, 14 V.I.C. § 2253(e); (Count Three) Possession of Ammunition, in violation 14 V.I.C. § 2256(a); (Count IV) Possession of a Controlled Substance with Intent to Distribute, in violation of 19 V.I.C. § 604(a)(1) and (b)(1)(B); and (Count V) Unauthorized Possession of a Firearm within 1000FT of a Public or Private Church, in violation of 14 V.I.C. § 2253(c). Defendant was arraigned on March 23, 2022, where he waived the reading of his Complaint, entered a plea of not guilty, and asserted his right to a speedy trial. Bail was initially set at $50,000.00 cash and later modified to allow the posting of $50,000.00 property bond. Defendant was unable to make bail and was incarcerated until February 24, 2023. The Territorial Public Defender's Office entered appearance on March 30, 2022, and the People entered its appearance on April 13, 2022.

¶ 3    On March 30, 2022, the Defendant requested that Discovery be provided. The People responded to Defendant's discovery request on April 13, 2022. Thereafter, the People filed a Motion to Dismiss Count Five on May 12, 2022. The Court granted that motion on May 18, 2022. Next, on August 29, 2022, the People filed a Notice of Substitution of Counsel. Thereafter, the Defendant filed a Motion to Amend the Terms of the Release Conditions previously set on March 7, 2022, and on September 22, 2022, the Court ordered that the People file their response to the Defendant's Motion to Amend the Terms of Release within ten (10) days following the date of the Order. On December 14, 2020, the Court scheduled a hearing on the Motion to Amend Terms of Release for December 28, 2022. The hearing continued February 17, 2023, and the Court granted Defendant's Motion to Amend Terms of Release and Defendant was released on February 24, 2023, on house arrest with the use of GPS monitor.

¶ 4    Next, Defendant filed an Unopposed Motion for Permission to Attend his Father's Wedding. The People did not object and on March 23, 2023, the Court granted Defendant's motion. Thereafter, on April 26, 2023, Defendant filed an Emergency Unopposed Motion for Permission to attend NCCER Core Construction Training on April 26, 2023. The People filed a Notice of No Objection to Defendant's Motion. On May 11, 2023, Defendant renewed his Unopposed Motion for Permission to attend NCCER Core Training because it was cancelled and rescheduled for May 16, 2023. On May 15, 2023, the Court granted the Defendant's motion.

¶ 5    On July 11, 2023, Defendant filed an Unopposed Motion for Temporary Substitution of Third-party custodian. Next, Defendant filed on July 21, 2023, an Unopposed Emergency Motion for Permission to attend NCCER Electrical Level 1 Training. The People filed a Notice of no opposition the same day. On July 24, 2023, the Court granted Defendant's motion for Permission to Attend the Training. On September 19, 2023, Defendant filed an Unopposed Expedited Motion for Permission to Attend Skills for Today Construction Ceremony and Career Fair.

¶ 6    On December 29, 2023, the Court scheduled a Status Conference on March 21, 2024. At the hearing, the Court placed the matter on a 60-day cycle so the parties can exchange discovery and address a global plea agreement. Next, on March 22, 2024, Defendant filed an Amended Motion to Amend Terms of Release. Defendant argues that the cost of the GPS monitor is a financial burden to Defendant' family, and he would like to seek employment to assist the financial

burden. Defendant also requested that he be placed on a curfew of 7:00 pm to 6:00 am in order to seek and commence employment.

¶ 7     On April 24, 2024, Defendant filed an Unopposed Expedited Motion for Permission to Attend Medical Appointment. On April 25, 2024, the Court granted Defendant's Expedited Motion for Permission to Attend Medical Appointment. Thereafter, on May 6, 2024, Defendant filed an Unopposed Expedited Motion for Permission to Attend Dental Appointment. The Court granted the motion the same day. On May 15, 2025, Defendant filed an Unopposed Expedited Motion for Permission to Attend Follow-Up Dental Appointment and the Court granted on the motion on May 16, 2025. Subsequently, on August 12, 2024, Defendant filed Unopposed Expedited Motion for Permission to Attend Dental Appointment. The Court granted the motion the next day. On October 2, 2024, Defendant filed an Unopposed Motion for Permission to Attend Dental Appointment. The Court granted the motion on October 7, 2024.

¶ 8     On January 7, 2025, Defendant filed a Motion to Relieve Defendant of Costs Associated with Electronic Monitoring. Next, Defendant filed on February 26, 2025, a Motion to Dismiss for Failure to Prosecute and Thereby Violate Defendant's Rights to a Speedy Trial. The People filed an objection to the Motion to Dismiss on February 27, 2025. On the same date, Defendant filed a Motion To Amend Terms for Release and Request for Status Conference, Continued Demand for Speedy Trial. The Court granted the Motion to Amend on February 28, 2025, and ordered that the Defendant shall be on 24-hour house arrest without GPS monitoring. The Order also stated that Defendant is permitted to seek employment. On March 27, 2025, the Court scheduled Jury selection and trial on September 2, 2025.

## LEGAL STANDARD

¶ 9     In the Virgin Islands, a Defendant's rights under Sixth Amendment to the United States Constitution are guaranteed by the 1954 Revised Organic Act. Exactly what constitutes an infringement of that right depends on the court's consideration of four factors initially adopted in *Barker v. Wingo*, 407 U.S. 514 (1972). These factors are: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant has asserted his or her right; and (4) prejudice to the defendant resulting from the delay. *Id.* at 530; see also, *U.S. v. MacDonald*, 435 U.S. 850, 858 1978). The

Court must look at the totality of the circumstances to determine if a defendant's speedy trial right has been violated. *See Francis v. Virgin Islands*, 63 V.I. 724, 755 (2015).

¶ 10    If a defendant's right to a speedy trial has been violated, the only possible remedy is dismissal. *Strunk v. United States*, 412 U.S. 434, 440 (1973) (citing *Barker*, 407 U.S. at 522). However, the Supreme Court of the United States has recognized that this remedy is severe and unsatisfactory, as it means a defendant who may be guilty of a crime will go free without having been tried. *Barker*, 407 U.S. at 522. Therefore, a finding of speedy trial violation must be based upon  weighing the "totality of the circumstances" and strict analysis of the *Barker* factors.

## ANALYSIS

### I.    BECAUSE MORE THAN THREE (3) YEARS HAVE ELAPSED SINCE THE DEFENDANT WAS ARRESTED AND MORE THAN TWELVE (12) MONTHS HAVE PASSED SINCE THIS COURT SCHEDULED DISPOSITION, THE DELAY IS PRESUMPTIVELY PREJUDICIAL.

¶ 11    The first step in determining whether Defendant's speedy trial right has been violated is to determine the length of the delay. The length of delay is measured "from the earlier period of the date of an arrest or the filing of an [information, or complaint]," until the start of trial. *See Carty v. PVI*, 56 V.I. 345, 365 (2012). This factor acts as a threshold in the Sixth Amendment inquiry because "there must be a delay long enough to be 'presumptively prejudicial.' " *United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986) (*quoting Barker*, 407 U.S. at 530). The longer the delay, the more "presumptively prejudicial" to the rights of a defendant, and the more that weighs in favor of examining the remaining three *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 651-652. In *Carty*, this Court recognized that a delay of over twelve months is "presumed to be sufficiently prejudicial to require evaluation of the three remaining factors." *Francis*, 63 V.I. at 748 (quoting *Carty, 56 V.I. at 365*). *See also Doggett, 505 U.S. at 652* (post-accusation delay is presumptively prejudicial as it approaches one year); *Francis*, 63 V.I. at 748  (an approximately 15-month delay required examination of remaining *Baker* factors).

¶ 12    In the case at hand, Defendant was arrested on March 6, 2022. To date there has been *at least* forty (40) months delay since Defendant was arrested. This delay is over 3 times the 12-month trigger adopted in *Carty*, and, as such, the Court finds that this is presumptively prejudicial. Therefore, the Court must examine the remaining three *Barker* factors.

## II.    THE DELAY IS RELATIVELY NEUTRAL AND DOES NOT WEIGH HEAVILY.

¶ 13    Once the court has determined that the delay is sufficiently lengthy to trigger a speedy trial analysis, it must determine which party is responsible for the delay(s) and the reason for the delay. *Francis*, 63 V.I. at 748. The reason for the delay impacts the weight given a particular delay. *Id.* As explained by the United States Supreme Court in *Barker*, different reasons for the delay must be weighed differently. *Id.* Delays attributed to the People weigh in favor of a defendant's speedy trial claim, while delays attributed to the defendant do not. *Id.* (*citing Doggett*, 505 U.S. 651, 657 (1992) and *Barker*, 407 U.S. at 531). Deliberate attempts by the prosecution to delay the trial in order to hamper the defense weigh heavily against the prosecution. *Id.* On the other hand, neutral reasons such as negligence or overcrowded courts weigh less heavily against the prosecution, and a valid reason, such as tracking down a missing witness, need not be given any weight at all. *Id.* Administrative or institutional delays will be attributed to the People, but, due to their neutral rather than deliberate nature, will weigh less heavily in favor of violation. *See Alexander v. GVI*, 78 V.I. 969, 980 (VI 2024), *(citing Rodriguez v. PVI*, 71 V.I. 577, 596 (V.I. 2019)).

¶ 14    Here, Defendant has filed numerous motions throughout the pendency of his case, most of which the Court has granted and issued a ruling. There are few motions that Defendant has not received a ruling on. However, the Court finds that although Defendant has not received a ruling on these motions, the delay in those rulings has little prejudicial effect and does not hamper Defendants rights in advancing his case. Additionally, when delays are unexplained on the record, they weigh against the People. *Rodriguez, 71 V.I. at 596-97.* The Court finds that the People have not made any urgent efforts to move the case, nor did the Defendant until February 26, 2025, Motion to Dismiss for Failure to Prosecute and Thereby Violate Defendant's Rights to a Speedy Trial. The Court finds that the delay by the People to move the case, was not intentional or malicious. These observations are not to imply or shift the burden to the defendant to move the case. That burden remains with the People. At best, the Court can only find negligence by the People in failing to ensure that the matter moves toward a trial date, and any delays attributed to the Court must necessarily rest with the People. Hence, the Court concludes that the delays in this case weigh minimally on the People since no intentional conduct is found. Accordingly, the delay in this case occurred for non-malicious and relatively neutral reasons and it does not weigh heavily in favor of dismissal.

### III. BECAUSE ALMOST THIRTY-SIX (36) MONTHS LAPSED BEFORE THE DEFENDANT ASSERTED HIS RIGHT TO SPEEDY TRIAL, THIS FACTOR WEIGHS AGAINST THE DEFENDANT.

¶ 15   The third *Barker* factor requires the court to determine whether the defendant asserted his speedy trial rights, "evidencing a deprivation of his constitutional rights." *Rivera v. PVI*, 64 V.I. 540, 584 (2016); *citing Carty*, 56 V.I. at 366-67.

> A defendant shows that he has asserted his right to a trial … when he is represented by counsel and he can identify a motion or evidence of direct instructions to his counsel to assert that the right at a time when a formal assertion of his rights would render some change of success….

*Francis*, 63 V.I. at 752, *quoting Carty*, 56 V.I. at 366.

¶ 16   If a defendant does not make this showing, he cannot now claim that his Sixth Amendment right was violated. Hence, the court must review the record to determine if the defendant at any point asserted the right to a speedy trial. *Alexander,* 78 V.I. at 970. The defendant must manifest his desire to be tried promptly and must again assert that right at a time when a formal assertion of his rights would render some chance of success. *Id.* For example, an assertion of speedy trial rights can also be demonstrated in the form of an objection to a continuance. *Id.* Here, Defendant first asserted his right to a speedy trial at his arraignment on March 23, 2022. Defendant's next filing for speedy trial  was in the February 26, 2025, Motion for a Speedy Trial, almost three years after being arrested and charged. Defendant next asserted speedy trial on February 27, 2025, in a Motion To Amend Terms for Release and, Request for Status Conference, Continued Demand for Speedy Trial, which the Court granted on February 28, 2025. At no time between March 23, 2022, and February 26, 2025, dates, at the many status and pretrial conferences, is there evidence that the defendant asserted or directed that her counsel asserts her speedy trial rights. While the People have a continuing responsibility to push a matter to trial, the defendant's response, lack of response or silence to the continuing scheduling of status conferences or pretrial hearings without asserting his rights and demanding a trial date until almost three years later results in the court weighing this factor only slightly in the defendant's favor. *See, Francis*, 63 V.I. at 753.

## IV. DEFENDANT'S MODERATE PREJUDICE RESULTING FROM THE DELAY WEIGHS IN FAVOR OF DISMISSAL.

¶ 17    The final *Barker* factor of prejudice caused by the delay is the most important of the four and must be demonstrated by the defendant. In evaluating prejudice, the court considers the three interests the right to speedy trial is designed to protect: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. *Francis*, 63 V.I. at 753-54 (*citing Carty*, 56 V.I. at 367). Of these three interests, the most important is limiting the possibility that the defense will be impaired. *Id.* The defendant's "inability …to adequately prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

### 1. Defendant's Lengthy Period Under the Restrictions of the Court, Although Not to the Level of Oppressiveness, Are A Sufficient Restriction on His Liberty for a Finding of Prejudice.

¶ 18    In *Francis*, the Virgin Islands Supreme Court quoted the United States Supreme Court's decision in *Marion*, which found that "[an] arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends" *Francis* 63 V.I. at 753-54, *citing United States v. Marion*, 404 U.S. 307, 321 (1971). Here Defendant's initial pretrial release conditions mandate that he cannot leave the island of St. Croix without written permission, he must report to the Office of Probation every Tuesday, he is under 24-hour house arrest with GPS monitoring, he cannot have a passport, and he is released to a third-party custodian, namely his grandparents. Defendant has lived with these pretrial release conditions for over two (2) years and counting. Defendant has filed multiple motions to temporarily amend his release conditions, most of which have been granted. However, some did not receive a response- such as his September 19, 2023, Unopposed Motion to Attend a Construction Ceremony and Career Fair. Similarly, the record shows that numerous motions were filed where Defendant requested permission from the Court to travel to medical appointments, dental appointments, and other engagement where the Court granted such requests. The Court entered an order permitting Defendant to seek employment. The Court finds that while some of Defendant's motions are still outstanding, that does not create an oppressive restraint because overall, the Defendant was granted majority of the motions filed and Defendant

was permitted to engage and associate. All circumstances considered, the Court finds that the pre-trial conditions were restrictive, but not oppressive. Therefore, the Court finds that this factor barely interfered with Defendants liberty but weighs slightly in favor of Defendant.

## 2. Defendant Has Not Shown That He Was Substantively Prejudiced.

¶ 19    Even if the accused is not incarcerated prior to trial, he or she still lives "under a cloud of anxiety, suspicion, and often hostility" which must be considered when evaluating prejudice to the defendant. *See Barker*, 407 U.S. at 533; *Marion*, 404 U.S. at 320. Here, Defendant was incarcerated for about a year, from his arraignment on March 23, 2022, until he was released on bail on February 24, 2023. Since then, Defendant has been on 24-hour house arrest with GPS monitoring until February 28, 2025, when the electronic monitoring requirement was removed and he was allowed to work. Moreover, the record shows that numerous motions were filed where Defendant requested permission from the Court to travel to medical appointments, dental appointments, and other engagement and the Court granted such requests. Therefore, the Court considers this minimal prejudice, and this factor does not weigh heavily in finding prejudice.

## 3. Defendant Has Not Shown Particularized Prejudice to his Defense.

¶ 20    In considering whether the defendant was prejudiced, the most important consideration is whether the defendant can point to a particularized harm to his or her ability to receive a fair trial and levy a proper defense. *See Alexander*, 78 V.I. at 987; *See also Barker*, 407 U.S. at 534 (giving more weight to prejudice against the defense rather than prejudice related to pretrial conditions or anxiety). Here, the Cout finds that Defendant, in his motions, fails to state a particularized prejudice to his defense caused by the delay. Therefore, this factor weighs against the Defendant.

## CONCLUSION

¶ 21    In weighing all the factors, the Court will not grant Defendant's motion. Because the defendant was inconsistent in asserting his speedy trial right and has not demonstrated more than minimal prejudice arising from the delay in this case, the court is not persuaded that he was denied his right to a speedy trial under the Sixth Amendment to the United States Constitution.

Accordingly, it is hereby,

**ORDERED** that the Motion to Dismiss Without Prejudice for Speedy Trial Violation is **DENIED.** It is further,

**ORDERED** that a copy of this Order be served upon all parties of record.

**DONE AND SO ORDERED** this _14_ day of July 2025.

**HON. YVETTE ROSS-EDWARDS**
Judge of the Superior Court

**ATTEST:**

**TAMARA CHARLES**

Clerk of the Court
By:_____
**Court Clerk II**

Date: _07_ / _14_ / _25_